BLOOMFIELD v. ROY.

(Circuit Court of Appeals, Fifth Circuit. February 10, 1903.)

No. 1,172.

1. CONTRACT OF RECEIVER—CONSTRUCTION.

Intervener made a contract with the receiver in a suit by which, in consideration of certain advances, the receiver agreed that under no circumstances would he enforce any claim for his commissions as receiver "to the detriment of" the claim of the intervener. *Held*, that such contract did not entitle the intervener to the allowance of his claim against commissions allowed the receiver from funds which would otherwise have been applied in payment of claims having precedence over that of the intervener.

Appeal from the Circuit Court of the. United States for the Eastern District of Louisiana.

Hewes T. Gurley, for appellant.

Frank L. Richardson, for appellee.

Before McCORMICK and SHELBY, Circuit Judges, and NEWMAN, District Judge.

McCORMICK, Circuit Judge. This is an appeal from the decree of the Circuit Court dismissing a bill of intervention filed by the appellant in the equity suit of Ackroyd against Taylor, in which equity proceeding the appellee was receiver. The bill of intervention claimed the sum of $800 as against the appellee. In the progress of the equity proceeding the appellant had certain dealings with the appellee as receiver, by which he contracted to make certain advances not necessary to be recited or considered here, further than as shown by the clause which is the basis of this claim, viz.:

"That Roy does hereby agree and bind himself that under no circumstances will he enforce any claim for his commissions as receiver to the detriment of the claim of the said Bloomfield for the reimbursement of his said advances, which shall prime that of the receiver for his commissions as such up to the amount of one thousand dollars."

The matter embraced in the bill of intervention was referred to a master, and from his report thereon it appears that in the settlement of the equity proceeding the receiver, Roy, was allowed $1,800 for his commissions. It also appears that the sum to be distributed was not sufficient to pay the claims, other than the receiver's commissions, which, beyond dispute, and by the admission of the appellant, held a higher rank than his claim; that the amount allowed to the receiver, and decreed to be paid to him, came wholly out of funds which would otherwise have been distributed to the claims of higher rank than that of the appellant; that therefore, in accepting the commissions allowed him, the appellee had not enforced, and

would not enforce, any claim for his commissions as receiver to the detriment of the claim of Bloomfield. The master reports, in substance, that if the paragraph relied on is to be considered a contract whereby the receiver, for consideration, agreed to pay or give an uncertain sum of money which the court might award to him for services as receiver, he (the master) would hesitate to recognize such contract as valid in law, and, after stating certain other grounds of doubt as to the propriety of such a contract, asks, "Is it not contra bonos mores?" And without further consideration as to the right of the receiver to make a valid contract, as stated in the bill of intervener, the master passes to the merits of the case, and, after a full review of the facts of the case and the contentions of the parties, proceeds:

"It will be seen, therefore, that whatever was allowed by the court for the receiver was so much taken away from these two claims, to wit, the holder of receiver's certificates and Ackroyd; and, had the receiver been allowed no sum whatever, Bloomfield would not have fared better than he did. * * * Roy did not enforce any claim for his commissions as receiver to the detriment of the claim of the said Bloomfield for the reimbursement of the said advances. What Roy did receive was so much deducted from the holders of receiver's certificates and the Ackroyd pledge."

It is not contested that the receiver's certificates and the Ackroyd pledge referred to in the master's report had rank of the appellant's claim. . The master proceeds:

"It is evident, therefore, a court of equity, from any standpoint, could not be justified in permitting Mr. Bloomfield to benefit to the extent of $800 at the expense of the holders of receiver's certificates and the Ackroyd pledge, in the face of the decree of the Circuit Court, which found that the claim of Bloomfield for $1,500 was subordinate to said certificates and Ackroyd's pledge, which must be paid by priority and preference over all other claims. In deducting the funds from the receiver's certificates and Ackroyd's pledge to pay the costs of court, Roy cannot be considered as in any way to have violated his covenant, for it cannot be said that Roy endeavored to enforce his claim for his commissions as receiver to the detriment of the claim of Bloomfield. Wherefore I find that the bill filed on behalf of W. B. Bloomfield, intervener in this cause, should be dismissed, at his costs, and his claim rejected."

The appellant's exceptions to the report of the master were overruled. The report was approved, and the bill of intervener was dismissed.

We do not deem it necessary to indulge in any speculative consideration of the various questions raised in the elaborate and learned briefs of the respective counsel in this case. A careful examination of the same and of the record has not discovered to us any adequate ground for reversing the action of the Circuit Court, and its decree is therefore affirmed.